Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs.*

**SOUTHERN DISTRICT OF THE STATE OF NEW YORK**   JUDGE CASTEL

-----------------------------------------------------------------x

PABLO RODRIQUEZ, ERNESTO HERNANDEZ and
GLORIA SACTA

12 CIV 1402

                        **Plaintiffs**

v.

**COMPLAINT**
Index No.
**JURY TRIAL DEMANDED**

KALMAN TABAK, ABRAHAM FINKELSTEIN,
**Individually and NEW HOPE FUND LLC
d/b/a 1195 SHERMAN AVE. LLC
d/b/a 1056 BOYNTON AVE. LLC**

                        **Defendants.**

-----------------------------------------------------------------x

[RECEIVED FEB 24 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

1. Plaintiffs, Pablo Rodriquez, Ernesto Hernandez and Gloria Sacta ("Plaintiffs") allege as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiffs seeks the recovery of unpaid wages and related damages and for unpaid overtime, while Plaintiffs were employed by New Hope Fund LLC d/b/a 1195 Sherman Ave. LLC d/b/a 1056 Boynton Ave. LLC, Abraham Finkelstein and Kalman Tabak ("Defendants"). Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Pablo Rodriquez was employed by Defendants, as a building superintendent at 1195 Sherman Ave., located in the Bronx, NY, from on or about December 2008 until August 2011.

4. Plaintiff Ernesto Hernandez was employed by Defendants, as a handyman/porter at 1056 Boynton Ave., located in the Bronx, N.Y., from on or about February 2008 until October 2011.

5. Plaintiff Gloria Sacta was employed by Defendants, as a cleaning woman, at 1195 Sherman Ave., located in the Bronx N.Y., from on or about April 2006 until March 2007.

6. Plaintiffs were employed by Defendants during the relevant limitations periods.

7. Upon information and belief, Defendant New Hope Fund LLC d/b/a 1195 Sherman Ave. LLC d/b/a 1056 Boynton Ave. LLC ("Sherman") is a New York Corporation, which is located at 406 Ave. F, Brooklyn, NY 11218.

8. At all relevant times, Sherman has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9. Upon information and belief, Sherman has an annual gross volume of sales in excess of $500,000.00.

10. Upon information and belief, Defendant Kalman Tabak ("Tabak") is an owner and operator of Sherman.

11. Upon information and belief, Defendant Abraham Finkelstein ("Finkelstein") is an owner and operator of Sherman.

12. Upon information and belief, Defendants Tabak and Finkelstein exercise control over Sherman's day to day operations, including the ability to hire and fire employees, supervise employees and set employee schedules.

13. Upon information and belief, Defendants Tabak and Finkelstein were employers of Plaintiffs.

14. All Defendants are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

17. Defendants committed the following alleged acts knowingly, willfully and intentionally.

18. Defendants knew that the nonpayment of wages and overtime pay to Plaintiffs would economically injure Plaintiffs and violated state and federal laws.

19. Defendants unlawfully failed to pay Plaintiffs the New York State or federal minimum wage for all hours worked.

20. Plaintiffs often worked in excess of forty (40) hours per workweek.

21. Defendants unlawfully failed to pay the Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

22. Plaintiffs' workdays often lasted ten (10) hours or longer.

23. Defendants did not pay Plaintiffs a spread of hours premium pursuant to New York state law when their workdays lasted ten (10) or more hours.

24. Defendants did not keep, maintain or preserve accurate records of Plaintiffs' hours worked in accordance with New York State law.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations Against All Defendants**

25. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

26. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiffs.

27. Defendants have willfully failed to pay Plaintiffs the federal minimum wage for all hours worked.

28. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations Against All Defendants

29. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

30. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

31. Defendants have willfully failed to pay Plaintiffs the New York State minimum wage for all hours worked.

32. Defendants' knowing or intentional failure to pay Plaintiffs minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

33. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interests, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

34. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

35. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiffs.

36. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours they worked in excess of forty (40) hours in a workweek.

37. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

38. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

39. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

40. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours they worked in excess of forty (40) hours in a workweek.

41. Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

42. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interests, costs and other compensation pursuant to the New York Labor Laws.

## FIFTH CAUSE OF ACTION
### New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4

43. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

44. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

45. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York State minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

46. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

47. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

48. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by NYLL § 650 *et seq.,* and its supporting regulations.

49. Defendants failed to provide Plaintiffs Ernesto Hernandez and Pablo Rodriquez with written notices of rate of pay as required by NYLL § 195.

50. Defendants' failure to make, keep and preserve accurate records was willful.

51. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

**PRAYER FOR RELIEF**

52. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. Penalties available under applicable laws;

    c. Costs of the action incurred herein, including expert fees;

    d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

    e. Pre-judgment and post-judgment interest, as provided by law; and

    f. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
       February 22, 2012

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack
11 Broadway, Suite 960,
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs.*