USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-29-12

**MEMO ENDORSED**

# GOLDBERG AND WEINBERGER LLP
Attorneys at Law

630 Third Avenue, 18th Floor
New York, New York 10017

Lewis Goldberg (N.Y., CT. & N.J.)
Stuart Weinberger (N.Y. & N.J.)

OTHER OFFICE:
REDDING, CT.

TEL: (212) 867-9595
FAX: (212) 949-1857

March 27, 2012

Honorable Judge P. Kevin Castel
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

Regarding: Rodriguez et al v. Tabak et al,

Civil Action No.: 12 Civ 1402 (PKC)

Dear Judge Castel:

> *Time to answer or move is stayed. Plaintiffs' counsel should advise the Court by fax to chambers received by April 3 whether plaintiffs wish to amend in an effort to address the purported deficiencies. The Court will then issue a further order. SO ORDERED*
> *[signed] USDJ 3-28-12*

Our law firm represents defendants Kalman Tabak, Abraham Finkelstein, and New Hope Fund LLC d/b/a 1195 Sherman Ave. LLC d/b/a 1056 Boyton Ave LLC ("defendants") in the above-referenced case. In this action, plaintiffs Pablo Rodriguez, Ernesto Hernandez and Gloria Sacta ("plaintiffs") have alleged that the defendants have failed to pay wages and overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Laws ("NYLL"). The plaintiffs also allege that the defendants violated the NYLL by failing to maintain records. The defendants submit this letter in support of their request for a pre-motion conference that is required in order for the defendants to file a Rule 12(b)(6) motion to dismiss the complaint. The defendants assert that there are several grounds upon which their motion to dismiss should be granted.

One of the reasons that the complaint must be dismissed in its entirety is because the complaint completely lacks the most basic factual details. A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must liberally interpret the claims, accept the allegations in the complaint as being true, and make all reasonable inferences on plaintiff's behalf. Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2nd Cir. 2003). A complaint that contains only "labels and conclusions" or "a formulaic recitation" will not be sufficient to state a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Honorable Judge P. Kevin Castel
March 27, 2012
Page 2

A complaint with "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" does not state a cause of action. Id. If the allegations in the complaint do not allow a reasonable inference stronger than the "mere possibility of misconduct," the complaint must be dismissed. Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2nd Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).

In the case at bar, the complaint merely states the dates that the plaintiffs were employed, that the plaintiffs worked in excess of forty (40) hours a week, that their day often lasted ten (10) hours or longer, that the defendants did not pay overtime, that defendants did not pay a spread of hours for days worked beyond ten (10) hours, and that the defendants failed to keep records. (Paragraphs 20 to 23 of the Complaint) There are no particularized facts that are specific to any of the plaintiffs even though the plaintiffs worked at different times in different positions. (Paragraphs 3 to 5 of the Complaint) The complaint also does not state any of the time periods where these alleged violations occurred, what the plaintiffs were paid and what the plaintiffs are owed. Further, there is no allegation in the complaint of the hours that they worked, including any indication the number of hours of overtime hours allegedly worked. The allegations in the complaint are conclusory statements. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must be dismissed because it does not state sufficient elements for a cause of action. Wolman v. Catholic Health System of Long Island, 2012 WL 566255 at *11 (E.D.N.Y. 2012).

Similarly, the complaint against Tabak and Finkelstein individually must be dismissed because the plaintiffs have also failed to state a claim. To allege a claim against an individual under FLSA, the plaintiffs must allege that the individual defendants had contact and direct supervision of the workers in question. Xue Lian Lin v Comprehensive Health Management, 2009 W.L. 976835 at *2 (S.D.N.Y. 2009); Wolman v. Catholic Health System of Long Island, 2012 WL 566255 (E.D.N.Y. 2012); Tracy v. NVR, Inc., 2009 WL 313150 at *4 (W.N.D.Y. 2009). (A similar test is used to determine individual liability under NYLL. Chan v. Sung Yue Tung Corp., 2007 WL 313483 at *11 (S.D.N.Y. 2007)). The complaint is bereft of any claim that Tabak and/or Finkelstein had any direct contact or supervision of the plaintiffs. Since the complaint fails to allege that Tabak and Finkelstein had contact and direct supervision of the workers, the allegations against them must be dismissed.

Besides failing to allege sufficient facts, the first cause of action, which alleges a violation of minimum wages under FLSA, and the third cause of action, which alleges overtime violation under FLSA, must be dismissed with respect to plaintiff Sacta because it is barred by the statute of limitations. Under FLSA, there is a two year statute of limitations to institute an action and a three year statute of limitations if the failure to pay was willful. FLSA, 29 U.S.C.§ 255(a). Since Sacta alleges in her complaint that she was employed from on or about April 2006 through March 2007 and the complaint was filed in February 24, 2012, Sacta's claim under FLSA must be dismissed because it must have arisen perforce more than three years before this action was instituted.

Honorable Judge P. Kevin Castel
March 27, 2012
Page 3

    Further, plaintiff Rodriguez claims that he was employed from December 2008 until August 2011 and plaintiff Hernandez claims that he was employed from February 2008 until October 2011. The parts of the Rodriguez's claims and Hernandez's claim in the first and third causes under FLSA which allegedly occurred three years before February 24, 2012 must be dismissed because they are barred by the statute of limitations. (Since there are not dates in the complaint indicating when there was a failure to pay the minimum wages and overtime, it is impossible to ascertain whether there is even a claim for three years before the filing of the complaint.)

    In the fourth cause of action, the plaintiffs allege a violation for failure to pay overtime. While the complaint does not state many allegations, it does state that plaintiff Rodriguez was the superintendent. Overtime in New York State for a superintendent is governed by Part 141 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of the Department of Labor. Under § 141-1.4, the "employer shall pay an employee, **except a janitor in a residential building,** for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek. [emphasis added]." A janitor is defined under § 141-3.4 as a "person employed to render any physical service in connection with the maintenance, care or operation of a residential building." Thus, Rodriguez's claim for overtime must be dismissed.

    The plaintiffs allege in the fifth cause of action a violation of the spread of hours pay by not paying the plaintiffs the one hours pay for working beyond ten (10) hours. However, the regulations adopted by the Department of Labor, which provide for the payment of the spread of hours pay, state that the regulations do not apply "to employees who are covered by minimum wage standards in any other minimum wage order promulgated by the commissioner." 12 NYCRR § 142-1.1(a). The plaintiffs, who work in apartment buildings, are clearly covered by the Building Service Minimum Wage Order 12 NYCRR § 141-1.1, et.al. Thus, the plaintiffs' cause of action alleging a spread of hours violation must be dismissed.

    In the sixth cause of action, the plaintiffs allege a record keeping violation against the defendants. The plaintiffs allege that the defendants failed to keep records of hours of work and failed to provide plaintiffs Hernandez and Rodriguez with written notices of pay. The Second Circuit held in <u>Chimare v. TD Waterhouse Investor Services, Inc.</u>, 99 Fed. Appx 259 (2nd Cir. 2004) that the record keeping requirements do not allow employees who are terminated to collect "additional payments after termination." <u>Id.</u> at 261   All of the plaintiffs in the case at bar were terminated before this action was instituted. Since they were no longer employed when the action was instituted, their claim for damages for these alleged record keeping violations must be dismissed.

    Since the defendants submit this letter to request a pre-motion conference so that defendants can file a motion to dismiss the complaint pursuant to Rule 12(b)(6), the defendants will not proceed with making a motion or answering until your Honor reviews this matter in

Honorable Judge P. Kevin Castel
March 27, 2012
Page 4

accordance with your Honor's rules. The defendants request that the Court allow the defendants to make a motion to dismiss the complaint.

    A copy of this letter has been mailed and sent by facsimile transmission to the plaintiffs' attorney.

Respectfully submitted,

*Stuart Weinberger*
Stuart Weinberger

cc: Darren Rumack, Esq. (By Facsimile Transmission)

SW:NewHope.LetMotdismiss32712(2)