UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

ERNESTO HERNANDEZ and GLORIA SACTA, : Case No. 12-CV-1402 (PKC)

              PLAINTIFFS     : AMENDED COMPLAINT

          - against -         : Jury Trial Demanded

KALMAN TABAK, ABRAHAM FINKELSTEIN, :
Individually, NEW HOPE FUND LLC, 1195
SHERMAN AVE. LLC, 1056 BOYNTON AVE. :
LLC, 437 MORRIS PARK LLC, and AGUILA,
INC.

             DEFENDANTS.

------------------------------------- X

Plaintiffs, ERNESTO HERNANDEZ and GLORIA SACTA, ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, hereby files this Complaint against Defendants KALMAN TABAK ("TABAK"), ABRAHAM FINKELSTEIN ("FINKELSTEIN"), individually, NEW HOPE FUND LLC ("HOPE"), 1195 SHERMAN AVE. LLC ("SHERMAN"), 1056 BOYNTON AVE. LLC ("BOYNTON"), AGUILA, INC. ("AGUILA"), and 437 MORRIS PARK LLC ("MORRIS") (collectively "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law, Article 6 §§ 190 et seq. and Article 19 §§650 et seq., he is entitled to recover from Defendants: (1) unpaid

overtime, (2) unpaid spread of hours premium, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ERNESTO HERNANDEZ ("HERNANDEZ"), is a resident of Bronx County, New York.

6. Plaintiff, GLORIA SACTA ("SACTA"), is a resident of Bronx County, New York.

7. Defendant NEW HOPE FUND LLC ("HOPE") is a domestic business corporation organized under the laws of New York, with a principal executive office and an address for service of process located at 406 Ave F, Brooklyn, NY 11218.

8. Defendant 1195 SHERMAN AVE. LLC ("SHERMAN") is a domestic business corporation organized under the laws of New York, with a principal executive office and an address for service of process located at 406 Ave F, Brooklyn, NY 11218.

9. Defendant 1056 BOYNTON AVE. LLC ("BOYNTON") is a domestic business corporation organized under the laws of New York, with a principal executive office and an address for service of process located at 406 Ave F, Brooklyn, NY 11218.

10. Defendant 437 MORRIS PARK LLC ("MORRIS") is a domestic business corporation organized under the laws of New York, with a principal executive office and an address for service of process located at 406 Ave F, Brooklyn, NY 11218.

11. Defendant AGUILA is a domestic business corporation organized under the laws of New York, with a principal executive office and an address for service of process located at 661 Cauldwell Avenue, Bronx, NY 10456.

12. Upon information and belief, Defendant, KALMAN TABAK ("TABAK"), is a principal of HOPE, SHERMAN, BOYNTON, and MORRIS.

13. Upon information and belief, Defendant, ABRAHAM FINKELSTEIN ("FINKELSTEIN"), is a principal of HOPE, SHERMAN, BOYNTON, and MORRIS.

14. At all relevant times, defendants HOPE, SHERMAN, BOYNTON, MORRIS and AGUILA were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA.

15. Defendants exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated employees.

16. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

17. Defendants are engaged in managing residential buildings.

### ERNESTO HERNANDEZ' EMPLOYMENT

18. Plaintiff Hernandez worked for Defendants as a porter from approximately March 2008 through March 2009.

19. As a porter, Plaintiff Hernandez among other things, swept the building, removed garbage, cleaned the floors.

20. As a porter Plaintiff Hernandez worked over forty (40) hours per week. Specifically, he averaged fifty-four hours (54) hours per week.

21. Plaintiff worked for Defendants as a handyman from approximately April 2009 through September 2011.

22. As a handyman, Plaintiff Hernandez among other things, plastered walls, painted apartments, repaired floors, performed electrical work and repaired plumbing.

3

23. As a handyman Plaintiff Hernandez worked over forty (40) hours per week. Specifically, he averaged forty-seven hours (47) hours per week.

24. Plaintiff Hernandez received $250.00 per week in between approximately March 2008 and March 2009.

25. Plaintiff Hernandez received $300.00 per week between approximately April 2009 and December 2010.

26. Plaintiff Hernandez received $350.00 per week between approximately January 2011 and September 2011.

27. Plaintiff Hernandez received ½ hour for lunch and was not allowed to take breaks during the day.

28. Plaintiff Hernandez was paid a fixed amount of cash each week throughout his employment by defendants. He received that same amount of money each week regardless of the number of hours he worked in excess of 40 hours per week.

29. Throughout his employment, Plaintiff Hernandez primarily received his assignments from the janitor for the building where he worked or from Charlie Clark, a manager for Defendants.

30. Defendants Tabak and Finkelstein directed Plaintiff Hernandez' work approximately 2-3 times a month. By way of example Defendants Tabak and Finkelstein would speak with one another, and then Defendant Tabak would instruct Plaintiff Hernandez to cut pipes, to seal leaks, and to watch newly paved cement dry.

31. Throughout his employment, Plaintiff Hernandez worked in property owned by Defendants including but not limited to 1056 Boynton Avenue, 1195 Sherman Avenue, 437 Morris Park and a building on the corner of Watson and Manor Avenues, all in Bronx County.

32. At the time he was hired, Plaintiff was informed by Defendant that his pay would compensate him for working 40 hours per week.

## GLORIA SACTA'S EMPLOYMENT

33. Plaintiff Sacta worked for Defendants as a cleaning woman from approximately April 15, 2006 through March 25, 2007 at 1195 Sherman Avenue, Bronx, New York.

34. As a cleaning woman, Plaintiff Sacta among other things, swept and mopped the hallways, stairs and empty apartments.

35. Plaintiff Sacta worked over forty (40) hours per week. Specifically, she averaged sixty hours (60) hours per week.

36. Plaintiff Sacta received $225.00 per week between approximately April 15, 2006 and July 2006.

37. Plaintiff Sacta received $250.00 per week between approximately July 2006 and April 25, 2007.

38. Plaintiff Sacta received ½ hour for lunch and was not allowed to take breaks during the day.

39. Plaintiff Sacta was paid a fixed amount of cash each week throughout her employment by defendants. She received that same amount of money each week regardless of the number of hours she worked in excess of 40 hours per week.

40. Throughout her employment, Plaintiff Sacta primarily received her assignments from the janitor for the building where she worked who in turn received instructions from Charlie Clark.

41. At the time she was hired, Plaintiff Sacta was informed by Defendants that her pay would compensate her for working 40 hours per week.

## GENERAL

42. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

43. Defendants failed to pay Plaintiffs the prevailing minimum wage.

44. Defendants knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

45. Plaintiffs retained The Law Office of Delmas A. Costin, Jr. to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY MINIMUM WAGE – PLAINTIFF HERNANDEZ ONLY

46. Plaintiff Hernandez realleges and reavers Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Defendants willfully violated the FLSA by failing to pay minimum wage; therefore, a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

48. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 206(a) and 207 (a).

49. At all relevant times, Defendants employed Plaintiff Hernandez within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendants, had gross annual revenues in excess of $500,000.

51. At all relevant times, the Defendants had a policy and practice of refusing to minimum wages at the statutory rate to Plaintiff Hernandez for his hours worked in excess of forty hours per workweek in violation of 29 USC §§ 206 and 207.

52. Records, if any, concerning the number of hours worked by Plaintiff Hernandez and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of minimum rate when Defendants knew or should have known such was due.

54. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and all others similarly situated, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME – PLAINTIFF HERNANDEZ ONLY

55. Plaintiff Hernandez realleges and reavers Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Defendants willfully violated the FLSA by failing to pay overtime; therefore, a three (3) year statute of limitation applies to such willful violations pursuant to 29 USC §255.

57. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(s), 206(a) and 207(a). Further, Plaintiff Hernandez is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 203(e), 206(a) and 207 (a).

58. At all relevant times, Defendants employed Plaintiff Hernandez within the meaning of the FLSA.

59. Upon information and belief, at all relevant times, Defendants, had gross annual revenues in excess of $500,000.

60. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff Hernandez for his hours worked in excess of forty hours per workweek in violation of 29 USC §§ 206 and 207.

61. Records, if any, concerning the number of hours worked by Plaintiff Hernandez and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

63. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

64. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and all others similarly situated, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216.

## COUNT III

### VIOLATION OF THE NEW YORK LABOR LAW – FAILURE TO PAY MINIMUM WAGES - ALL PLAINTIFFS

65. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

66. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

67. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

68. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in violation of New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. Part 142.

69. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

70. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten hours.

71. Due to the Defendants' New York Labor Law violations Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law §663(1).

## COUNT IV

### VIOLATION OF THE NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME - ALL PLAINTIFFS

72. Plaintiff realleges and reavers Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

73. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

74. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

75. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. Part 142.

76. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

77. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten hours.

78. Due to the Defendants' New York Labor Law violations Plaintiff is entitled to recover from Defendants his unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;
c. An award of unpaid wages due and owing under the FLSA and the New York Labor Law, Article 19 §650 et seq.;
d. An award of unpaid overtime compensation due and owing under the FLSA and the New York Labor Law, Article 19 §650 et seq.;
e. An award of unpaid "spread of hours" premium due under the New York Labor Law;
f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;
g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;
h. An award of prejudgment and post judgment interest;
i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and
j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues as triable as of right by jury.

Dated: May 31, 2012

Respectfully submitted,

*[signature]*

DELMAS A. COSTIN, JR., ESQ. (DC2926)
*Attorney for Plaintiff*
177 E. 161 Street
Bronx, NY 10451
Tel: (718) 618-0589
Fax: (347) 510-0099
dacostin@dacostinlaw.com
