UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ERNESTO HERNANDEZ,

Plaintiff,

-against-

KALMAN TABAK, ABRAHAM
FINKELSTEIN, *individually*, NEW HOPE
FUND LLC, AGUILA INC., 1195 SHERMAN
AVE, LLC, 1056 BOYNTON AVE, LLC, and
437 MORRIS PARK LLC,

Defendants.
--------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10-/3
```

12 Civ. 1402 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

The parties have submitted a joint application to settle this action brought

pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (the "FLSA").

Under the FLSA, a court must approve a plaintiff's waiver of FLSA claims "to

protect employees from inequality in bargaining powers." Elliott v. Allstate Investigations, Inc.,

2008 WL 827648, at *2 (S.D.N.Y. Mar. 19, 2008) (Cote, J.). "The FLSA imposes the obligation

to pay unpaid overtime compensation and 'an additional equal amount as liquidated damages' on

employers who violate its requirement that overtime wages be paid." Id. (quoting 29 U.S.C. §

216(b)). "The obligation to pay 'liquidated damages cannot be bargained away by bona fide

settlements of disputes over coverage.'" Id. (quoting D.A. Schulte, Inc. v. Gangi, 328 U.S. 108,

115 (1946)). "In determining whether the proposed settlement is fair and reasonable, a court

should consider the totality of circumstances, including but not limited to the following factors:

(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable

the parties to avoid anticipated burdens and expenses in establishing their respective claims and

defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the

settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., __ F. Supp. 2d __, 2012 WL 2700381, at *2 (S.D.N.Y. July 5, 2012) (Furman, J.) (quoting Medley v. Am. Cancer Soc'y, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (Jones, J.)). In addition, a plaintiff seeking attorneys' fees must submit evidence providing a factual basis for the reward, or else the fee application will be rejected or reduced. Id. at *3 (collecting cases).

The action was commenced on February 24, 2012. (Docket # 1.) Plaintiff alleges that defendants violated the FLSA and New York Labor Law (the "NYLL") by failing to pay him overtime and regular wages. He asserts that from March 2008 through March 2009 he worked for defendants as a porter, and from April 2009 through September 2011 worked as a handyman. (Am. Compl't ¶¶ 18, 21.) On January 31, 2013, while a motion to dismiss was sub judice, the parties informed the Court that they had settled the action, and filed a copy of the Settlement Agreement. (Docket # 43-44.) The parties agreed to settle the action for $11,000 in exchange for a release of all claims. (Settlement Agrmt. ¶¶ 1, 6, 22.) Pursuant to a retainer agreement, plaintiff's counsel would be entitled to one-third of the settlement amount. (Docket # 48 at 8-9.)

Having reviewed the submissions filed in support of the settlement (Docket # 47-48), the Court is satisfied that the settlement is appropriate, was negotiated at arm's length and is not the product of coercion. Plaintiff's counsel has submitted evidence that the maximum possible recovery that plaintiff could have received totaled $19,242.67, which would have been possible only if plaintiff succeeded in proving violations of both the FLSA and the NYLL, established willfulness, and received liquidated damages under both statutes. (Docket # 47, 48 Ex. A, B.) Counsel notes that if defendants succeeded, plaintiff would have received no compensation. (Docket # 47, 48 Ex. B.) Plaintiff's counsel asserts that his client was motivated

to settle in order to "move on with his life" and to relocate.  (Docket # 47.)  Plaintiff has submitted an affidavit in Spanish, which is also translated into English, confirming his understanding of the range of possible recovery and the voluntary nature of the settlement. (Docket # 48 Exs. C-D.)

Having reviewed plaintiff's application and the supporting memorandum of law, the Court is satisfied that the settlement is reasonable given the possible range of recovery and the risks of litigation, and is the product of arm's-length bargaining that occurred with no fraudulent or collusive motivation.

In addition, the fee arrangement with plaintiff's counsel is reasonable.  Plaintiff's counsel represents that he has spent more than 60.61 hours working on this case.  In receiving one-third of the total recovery, plaintiff's hourly rate is approximately $60.50.  Counsel notes that this average hourly sum would be even lower if it included staff time.

For the foregoing reasons, this Court concludes that the settlement of this action is reasonable and appropriate.  The Clerk is directed to enter judgment for the plaintiff and to close this case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
     April 10, 2013