UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERNESTO HERNANDEZ,                         :   Case No. 12-CV-1402 (PKC)
          PLAINTIFF,                     :
                                           :   SETTLEMENT
    - against -                           :   AGREEMENT AND
                                           :   GENERAL RELEASE OF
KALMAN TABAK, ABRAHAM FINKELSTEIN, :   CLAIMS
Individually, NEW HOPE FUND LLC, 1195      :
SHERMAN AVE. LLC, 1056 BOYNTON AVE.        :   USDS SDNY
LLC, 437 MORRIS PARK LLC, and AGUILA,      :   DOCUMENT
INC.                                       :   ELECTRONICALLY FILED
          DEFENDANTS.                    :   DOC #: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   DATE FILED: 4-24-13

      This Settlement Agreement and General Release of Claims ("Agreement") is made and entered into by and between Plaintiff Ernesto Hernandez, (hereinafter referred to as "Plaintiff") on the one hand and Defendants Kalman Tabak, Abraham Finkelstein, New Hope Fund LLC, 1195 Sherman Ave. LLC, 1056 Boynton Ave. LLC, and 437 Morris Park LLC ("Defendants") on the other hand, jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, shareholders, agents, trustees, employees and representatives of all of them (hereinafter referred to collectively as "Defendants" or "Company").

      WHEREAS, a dispute has arisen regarding Plaintiff's employment, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 12 CV 1402 (hereinafter the "Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Defendants shall pay to Plaintiff the gross sum of Eleven Thousand ($11,000.00) Dollars (the "Settlement Amount") unless Plaintiff revokes his assent to this Agreement as set forth in paragraph 23, below, in which event this Agreement shall be null and void for all purposes and no payment shall be due hereunder. Payment shall be made in the form of a check made payable to "The Law Office of Delmas A. Costin, Jr., Trust Account" and sent to the Law Offices of Delmas A. Costin, Jr., 177 East 161st Street, Bronx, New York 10451 within fourteen (14) days after the Court "So Orders" this Agreement.

2. Eight (8) days after the execution of this Agreement, without revocation having occurred pursuant to paragraph 23, below, the Plaintiff shall file this Agreement, together with Stipulation of Voluntary Dismissal with Prejudice, which is annexed hereto as Exhibit "A," with the Court.

3. Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement which are due to the any alleged failure of the Defendants to withhold from the payment of the Settlement Amount, and in the event of an audit of, or any assessment against Defendants or any of them, by any taxing authority regarding payments to any Plaintiff in this Agreement, such Plaintiff shall indemnify and hold Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' or accountants' fees and/or judgments that may be incurred by Defendants resulting from Defendants' failure to withhold under this Agreement.

4.  Except as otherwise provided in this section, the parties agree that Plaintiff is not entitled to any pay or benefits from the Defendants, including, but not limited to, expenses, insurance benefits, other medical benefits or medical insurance, commissions, bonuses, stock options, contributions or proceeds from any benefit plans, sick pay, holiday pay, vacation pay, severance payments, wages, overtime, salary or consulting payments. Plaintiff further acknowledges and agrees that he has been paid the full amount required under applicable law for all hours worked by Plaintiffs for Defendants.

5.  The Plaintiff understands and agrees that he would not receive the monies specified in this Agreement except for the execution of this Agreement and his agreement to fulfill the promises described herein.

6.  Plaintiff ("Releasor") hereby permanently, irrevocably and unconditionally releases and forever discharges Defendants, Aguila, Inc., any and all of the Defendants' and Aguila's parent corporations, subsidiaries, divisions, affiliated entities and predecessor companies, and the employees, officers, directors, agents, principals, members, shareholders, partners, representatives and attorneys of each of the foregoing entities (the "Releasees"), as well as the Releasees' heirs, executors, administrators, successors and assigns, from any and all lawsuits, causes of action, charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which against the Releasees the Releasor and the Releasor's heirs, executors, administrators, successors and assigns ever had, now have or hereafter have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the World to the day of the date of this Agreement including, without limiting the generality of the foregoing:

- Any and all claims that were, or could have been, asserted in the Litigation;

- Any and all claims arising out of or related to Plaintiff's employment and the termination of Plaintiff's employment;

- Any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, the New York City Human Rights Law, the New York City Administrative Code, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act 29 U.S.C. Section 621, et. seq., the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, the New York State Labor Law and the New York City Labor Law;

- Any and all common law claims, including claims for wrongful discharge, payment of wages and overtime, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation;

- Any and all claims for attorneys' fees, physical or emotional distress or injuries,;

- Any and all claims punitive damages, compensatory damages; and

- Any and all other duties or obligations of any kind or description whether arising in law or equity.

7.    Plaintiff agrees that, except as required by law, he will keep entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of the Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), including the Settlement Amount, except as necessary to accountants, his spouse,

plaintiff's tax preparer, and his attorneys, provided that he informs those entities and/or individuals of this provision requiring confidentiality and they agree to be bound by its terms. Under no circumstances shall Plaintiff speak or communicate in any way, directly or indirectly, with any of Defendants' present or past employees, about the action, the settlement, the Settlement Amount, or any aspect of this case in any way, except if asked, to say simply that the case is over. Plaintiff represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by him, or by any of his confidants noted above, is a material breach and would cause Defendants injury and damage, the actual amount of which would be impossible to determine. Accordingly, Plaintiff consents to entry of injunctive relief in addition to any and all other remedies under this Agreement and remedies governing enforcement of settlement agreements, including breach of contract principles, as interpreted in accordance with applicable law. Plaintiff agrees that Defendants will not have to post a bond in seeking said injunction. Further, the parties agree that if any legal proceedings are ever brought concerning any alleged violations of this agreement the prevailing party shall be entitled to recover their reasonable attorneys' fees and costs. In the event that either party or their attorneys receives inquiries from third parties regarding their dispute, they shall only state that the matter has concluded.

8. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

9. Plaintiff shall file this Agreement and the Stipulation of Discontinuance with Prejudice in accordance with paragraph 1(a) of this Agreement.

5

10. Plaintiff represents that, as material inducement to the Agreement, he has not filed any claims, charges, complaints or actions against any of the Releasees (as that term is defined in paragraph 6, above) with any federal, state or local court or any administrative agency. Further, if after Plaintiff signs this Agreement, any court or administrative agency assumes jurisdiction over any such claim, charge, complaint or action against any of the Releasees initiated by Plaintiff, Plaintiff shall take all actions necessary for the court or administrative agency to withdraw any such matter and terminate any such proceeding against such entity or person without any liability against any entity or person.

11. Plaintiff shall not accept any award or settlement with respect to any action, complaint, charge, lawsuit or other proceeding against any of the Releasees, or any of their past, present or future officers, members, directors, shareholders, employees, representatives, agents, servants, affiliated companies, parent companies, subsidiaries or divisions, whether as a member of a class or otherwise, that are based upon conduct that occurred prior to the to the date this Agreement is "So Ordered" by the Court. Further, in the event Plaintiff institutes, is party to or is a member of a class that institutes any claim or action against any of the Releasees, or any of their past, present or future officers, directors, members, shareholders, employees, representatives, agents, servants, affiliated companies, parent companies, subsidiaries or divisions, or based upon conduct prior to the date this Agreement is "So Ordered" by the Court, Plaintiff agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement and that he shall execute any papers necessary to achieve this end.

13. Except as otherwise required by law, Plaintiff shall not participate, lend

cooperation to or provide any support, assistance, aid or encouragement, either directly or indirectly, of any type or kind whatsoever, with respect to any claim, charge, complaint or action filed with any federal, state or local court or with any administrative agency, in which any of the Releasees are named as a party or are otherwise sought to be held liable, unless instructed to do so by virtue of a subpoena or order of a court of competent jurisdiction. Plaintiff also shall not disparage the defendants or interfere with the operation of the defendants and Aguila, Inc.

14. Plaintiff agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, his prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

15. Plaintiff represents that he has returned to Defendants all property provided to him in connection with his employment with Defendants, as well as any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computers, file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with, and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be

construed to be contrary to the interests of the Company or its affiliates and other related companies. Plaintiff agrees that the Company shall be entitled to recover liquidated damages in the amount of any payment made to the Plaintiff under this Agreement should the Plaintiff voluntarily disclose to any person information in violation of the terms of this provision.

16. It is agreed that the employee-employer relationship between the Releasees and the Plaintiff ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have had against the Releasees. It is further understood should Plaintiff apply to work with the Releasees, in any capacity, based on this clause, the Releasees may deny the Plaintiff employment for any position Plaintiff seeks, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiff will not seek employment with these entities after the execution of this Agreement.

17. This Agreement may not be changed unless the changes are in writing and signed by proper representatives of Plaintiff and Defendants, respectively.

18. Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

19. As of the execution date of this Agreement, Plaintiff's Counsel represents and warrants that he is not presently aware of and has not solicited any individuals to bring or threaten to bring any action for unpaid wages or otherwise against Defendants or any one of them, nor is he cooperating or assisting any attorney in any other action against Defendants or any one of them, except for the lawsuit in Supreme Court in the County of the Bronx, Sacta v. Kalman Tabak, Abbraham Finkelstein, Individually, 1195 Sherman Ave LLC and 437 Morris Park LLC, index number 307594/2012. Except as set forth herein, this Agreement shall not be

cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

20.   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

21.   If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

22.   <u>Release Notification and Withdrawal</u>:

    a.   Plaintiff acknowledges that the Defendants have advised Plaintiff in writing to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has been represented by legal counsel in this matter. Plaintiff further acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought, and after consulting with his attorneys.

    b.   Plaintiff acknowledges and agrees that he has been given an opportunity to

9

consider this Agreement for at least twenty-one (21) days. Further, If Plaintiff signs this Agreement a before the end of the 21 day period, it will be his voluntary decision to do so because he has decided that she does not need any additional time to decide whether to sign this Agreement.

   c. Plaintiff may revoke this Agreement within seven (7) days of execution hereof. This seven (7) day period will begin to run on the day after Plaintiff has executed it. If Plaintiff revokes this Agreement, it shall be rescinded in its entirety as to Plaintiff, and Plaintiff will receive none of the benefits set forth herein. Said revocation must be sent by Fax and First-Class U.S. Mail, to: Goldberg & Weinberger, LLP, 630 Third Avenue, 18th Floor, New York, New York 10017, Fax: (212) 949-1857; and received within seven (7) days of the execution of this Agreement by Plaintiff. This Agreement shall not become effective until seven days after the execution of this Agreement by the Plaintiff without revocation having occurred.

   d. Plaintiff specifically acknowledges and agrees that he releases and discharges the Releasees from claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et.seq., as amended. Plaintiff further understands and agrees that he would not be entitled to receive the consideration specified herein except for the execution of this Agreement and the fulfillment of promises and covenants that pertain to him.

   e. Notwithstanding the foregoing, nothing in this Agreement shall be deemed to impose on Plaintiff any condition precedent, penalty or other limitation on Plaintiff's right to challenge his waiver of his claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq. or to require the return of monies other than in accordance with the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

23. To signify their agreement to the terms of this Agreement, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows.

Dated: 1/2/13 _____
Ernesto Hernandez

Dated: 1/6/13 _____
Kalman Tabak

Dated: 1/6/13 _____
Abraham Finkelstein

Dated: 1/6/13 By _____
New Hope Fund LLC

Dated: 1/6/13 By _____
1195 Sherman Ave, LLC

Dated: 1/6/13 By _____
1056 Boynton Ave. LLC

Dated: 1/6/13 By _____
437 Morris Park, LLC

11

SO ORDERED

_____
U.S.D.J.

Dated: 4-24-13