USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-24-13

# GOLDBERG AND WEINBERGER LLP
## Attorneys at Law

630 Third Avenue, 18th Floor
New York, New York 10017

Lewis Goldberg (N.Y., CT. & N.J.)
Stuart Weinberger (N.Y. & N.J.)

OTHER OFFICE:
REDDING, CT.

TEL: (212) 867-9595
FAX: (212) 949-1857

April 19, 2013

Honorable Judge Kevin Castel
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Regarding: Ernesto Hernandez v. Tabak, et.al.

Civil Action No.: 12-CV-1402 (PKC)

Dear Judge Castel:

Our firm represents the defendants Kalman Tabak, Abraham Finkelstein, New Hope Fund, LLC, 1195 Sherman Avenue, LLC, 1056 Boyton Avenue, LLC and 437 Morris Park LLC (Collective referred to as "Defendants"). Our firm does not represent defendant Aguila, Inc. On April 10, 2013, Your Honor issued a Memorandum and Order finding the terms of a Settlement Agreement and General Release of Claims ("Agreement") "reasonable and appropriate." A copy of the Agreement is annexed hereto. The Memorandum and Order further provided that the Clerk enter a Judgment in favor of the Plaintiff, Ernesto Hernandez. However, the Agreement, which was executed by the Plaintiff and the Defendants, provides for the action to be discontinued with prejudice and certain payments to be made after the Stipulation was "so ordered" by the Court. The Agreement does not provide for the entry of a judgment in favor the Plaintiff.

In accordance with the Court's Memorandum and Order, on April 10, 2013, the Clerk entered a Judgment in favor the Plaintiff. This letter is submitted by the Defendants to have the Court modify its Memorandum and Order to rescind that portion of the Order which directs the Clerk to enter Judgment in favor of the Plaintiffs and against all the defendants.

During the course of this litigation, the Defendants reached an agreement with the Plaintiff Ernesto Hernandez. The Agreement was executed by the Defendants and the Plaintiff. In accordance with the Agreement, the Agreement was submitted for Court approval. The Agreement provided that the Court was to So Order the Agreement and a Stipulation of Discontinuance, which was annexed to the Agreement.

*[Handwritten endorsement in margin:]*

(1) Please reread 2 A 2 of my individual practices. A motion for reconsideration or reargument does not require a premotion conference nor, because it is with Rule 6(b) does a motion under Rule 60(b).

(2) Based upon the understanding that the monies in paragraph 1 will "so fully paid," I will sign the order and the stipulation. It is not ordinarily my practice to order a monetary payment term, thereby making it punishable by contempt rather than through the remedies available to enforce a judgment.

(3) Upon consent I will vacate the judgment but the case remains closed.

SO ORDERED
[signature] USDJ
4-24-13

In the Court's Memorandum and Order, the Court held that the Agreement was "reasonable and appropriate." However, the Court did not So Order the Agreement or So Order the Stipulation. In the Court's Memorandum and Order, dated April 10, 2013, the Court directed the Clerk to enter a Judgment on behalf of the Plaintiff.

The Defendants did not agree to the entry of a Judgment against the defendants. The Defendants agreed that the case would be discontinued. In effect, by requiring that a Judgment be entered against the Defendants, the Court has changed the terms of the Agreement.

In addition, the Agreement provides in Paragraph 8 "that this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or any violation of any statute, regulation, duty, contract, right or order." The Defendants submit that there is no basis for the entry of a Judgment against the defendants under the Agreement or under the Federal Rules of Civil Procedure. The parties did not agree to the entry of a Judgment against the defendants. The parties agreed to the opposite: that the case would be discontinued. There has been no finding in Plaintiff's favor, such as summary judgment under Rule 56 or after a trial under Rule 50, which would allow for the entry of a judgment. The Plaintiff did not prevail in this case. The matter was settled. Moreover, as the Court noted in its Memorandum and Order, the Defendants contended that no monies were owed.

Further the entry of a Judgment will detrimentally affect the Defendants. For example, if one of the corporate defendants wanted to sell its assets, the Judgment would raise issues affecting title to the property. Another example of how the Judgment detrimentally affects the Defendants is Judgment could affect the credit of the individual Defendants, including the ability to obtain financing.

The Court has the authority under Rule 60 to correct errors based upon clerical mistake, oversights and omissions on its own or by motion. The Defendants believe that the Court's direction for a Judgment against the defendants was a clerical mistake or omission when the Court indicated to the Clerk that an Order should be entered against the defendants rather than stating that an Order should be entered approving the Agreement.

The Plaintiff consents to the removal of the Judgment against the defendants. Both the Plaintiff and Defendants wish to resolve this issue so that the terms of the Agreement can be effectuated in accordance with the parties agreed upon terms, which the Court found to be "reasonable and appropriate."

The Defendants have submitted this letter instead of a more formal motion for several reasons. First, under the Court's rules, the Defendants may not be able to make a motion for reconsideration or for relief under Rule 60 without a pre-trial conference. Second, the Defendants assert that the Court can fix this omission on its own without a formal motion.

Judge P. Kevin Castel
April 19, 2013
Page 3

Third, the Defendants request that the Court treat this letter as a motion for reconsideration. If the Court deems this letter a motion for reconsideration, the Court may grant a motion for reconsideration because the Court has the authority to "correct a clear error or to prevent manifest injustice [citations omitted]." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp.2d 262 (2012). The Court's Order that a Judgment be entered against the defendants is clearly an error and works a "manifest injustice" upon the defendants. Id.

In sum, the Defendants respectfully request that the Court issue an order vacating the Judgment against all the defendants and that the Court So Order the Agreement and the Stipulation of Discontinuance. If the Court requires that the Defendants move to vacate the Judgment by a formal motion, the Defendants request that a pre-motion conference be scheduled as soon as possible.

I declare under the penalty of perjury that a copy of this letter has been served on Plaintiff's counsel and Defendant Aguila's counsel by first class mail and facsimile transmission.

Respectfully submitted,

*[signature]*

Stuart Weinberger

cc: Delmas Costin, Jr.
    Barry Lee Mendelson, Esq.

SW:1195Sherman.L41913